BART F. VIRDEN, Judge *619 Tony L. Henderson appeals the Garland County Circuit Court order denying his motion to strike the jury panels called for his trial. We affirm.
I. Relevant Facts
Henderson was arrested on February 2, 2017, and he was charged with first-degree battery and aggravated residential burglary. The criminal information was amended, and Henderson was tried by jury on one charge of aggravated residential burglary and one charge of attempted first-degree murder.
The court agreed that Henderson had not made a prima facie showing of systematic exclusion of African American jurors and denied his motion to strike the panels. Henderson renewed his objection. The jury was sworn, and Henderson's trial proceeded.
Henderson renewed his objection at the close of the State's case. In chambers, the Garland County Circuit Court jury manager and deputy clerk, Tonya Winton, stated that when she previously called panels 1, 7, and 10 for prior trials, she noted that there were no African American potential jurors. Winton explained that race is not indicated on the jury questionnaire; thus, the races of the potential jurors are unknown and not a consideration when forming the panels. Winton clarified that the names of the potential jurors are randomly chosen by computer from driver's-license and Arkansas-ID records as well as voter registration records. Winton explained that she tried to mix up the panels so that the same panels did not always appear together or before the same judge. Winton stated that she typically does not consider the race of a juror, but in the past when she knew that a defendant was African American she had tried to pull panels that she knew had "quite a few [African Americans] on it." Winton stated that she did not do so this time because only twelve potential jurors appeared at orientation, and she had not known that Henderson is African American.
The jury found Henderson guilty of aggravated residential burglary and attempted second-degree murder. Henderson was sentenced to sixty-eight years in the Arkansas Department of Correction on the first charge and forty years on the second charge, to run consecutively. Henderson filed a timely notice of appeal.
II. Standard of Review and Applicable Law
We will reverse a circuit court's denial of a motion to quash a jury panel *620 only when there is a manifest abuse of discretion. Thompson v. State , 2015 Ark. App. 275, at 19, 461 S.W.3d 368, 379. Although selecting a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial, nothing requires that the petit jury mirror the community and reflect the various distinctive groups in the population. Id. To quash a jury panel based on its racial make-up, the moving party must prove that people of a certain race were systematically excluded from the panel. See Navarro v. State , 371 Ark. 179, 264 S.W.3d 530 (2007). To establish a prima facie case of deliberate or systematic exclusion, a defendant must prove that (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires from which the juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this underrepresentation is due to systematic exclusion of the group in the jury-selection process. Thomas v. State , 370 Ark. 70, 257 S.W.3d 92 (2007). The defendant must prove systematic exclusion of members of his or her racial group from the venire; only after making a prima facie case by establishing these three elements does the burden shift to the State to justify its procedure. Mitchell v. State , 323 Ark. 116, 913 S.W.2d 264 (1996).
III. Discussion
On appeal, Henderson argues that the circuit court erred by failing to strike the jury panels because no African American jurors presented themselves for jury duty. The State asserts that Henderson argued below that no African American jurors were present that day, which meets the first factor that the defendant prove that the group alleged to be excluded is a distinctive group in the community; however, he failed to offer any proof regarding the second and third factors-namely that representation of this group in the jury pool was not fair and reasonable in relation to the number of such persons in the community or that this underrepresentation was due to systematic exclusion of the group in the jury-selection process. Henderson had the burden of proving that there was not a fair and reasonable representation of the distinctive group across venires from which juries are selected, not just the particular venire summoned at his trial. See Navarro, supra. Henderson offered no such evidence, and we cannot ascertain from the record if African American jurors were included in the venire because race information is not included in the jury questionnaire.
Henderson also failed to prove that African Americans were systematically excluded from the jury-selection process. Winton testified that the jury selection was done in compliance with the relevant statute, which generally provides for a random-selection process. See Ark. Code Ann. § 16-32-301(a) (Supp. 2013) ("The pool of names from which prospective jurors are chosen may be expanded from the list of registered voters to include the list of licensed drivers and persons issued an identification card under § 27-16-805.").
Henderson has failed to provide any evidence of a prima facie case of racial discrimination, and we find no abuse of discretion by the circuit court.
Affirmed.